UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

MICHAEL KOKOSKI,          )
                                 )
      Plaintiff,         )       Civil Action No. 6: 05-46-DCR
                                 )
V.                            )
                                 )
K. PATRICK, et al.,          )       **MEMORANDUM OPINION**
                                 )           **AND ORDER**
      Defendants.     )

*** *** *** ***

This matter is before the Court on the several post-judgment motions of the *pro se* Plaintiff [Record Nos. 15, 18, 19]. On March 9, 2005, the Court gave consideration to all of the Plaintiff's claims and dismissed them for reasons stated in the Memorandum Opinion and Order. The accompanying Judgment entered on that date specifically provided that an appeal would not be taken in good faith. [*See* Record Nos. 7 & 8.]

The Plaintiff's first post-judgment motion was for an extension of time in which to file post-judgment motions. On March 17, 2005, the undersigned denied the motion as meritless and as also being a part of this Plaintiff's "frivolous litigation." [Record No. 11] In his next post-judgment motion, filed March 30, 2005, the Plaintiff moved for reconsideration of this ruling, citing Federal Rules of Civil Procedure 59(e) and 52(b). The Court denied the motion as untimely. [Record No. 14].

In the first of his current motions, the Plaintiff asks the Court to recuse on the ground that the Court is not impartial and may be engaged in "plot or scheme to deny this Plaintiff due process

-1-

of law." [Record No. 15]  As support for these contentions, he submits his own declaration as to the Court's Order of March 31, 2005 [Record No. 14], denying reconsideration, being wrongly based on untimeliness; and he also submits a separate "Notice of Judicial Default" to the same effect, both referencing the mailbox rule based on *Houston v. Lack*, 487 U.S. 266 (1988).  Record Nos. 16 & 17.

The Plaintiff's next motion [Record No. 18] is one for an extension of time of 30 days in which to file a notice of appeal on the ground that the timeliness issue in the Court's March 31, 2005 Order [Record No. No. 14] was wrongly decided.  The Plaintiff wishes the record to be clarified and he also wants to appeal the Court's original Judgment against him, entered March 9, 2005.  He claims that another Order of that same date, which was later stricken, has caused him to wonder if the Judgment is still valid.  The Plaintiff also submits a memorandum in support of his contention that he has shown good cause for a 30-day extension, thus complying with Federal Rule of Appellate Procedure 4(a)(5)(A).

Finally, the Plaintiff moves the Court to issue a subpoena *duces tecum* to Regional Counsel of the United States government at the Federal Medical Center in Lexington, Kentucky, for him to produce a list of all of the administrative remedy documents, which he has filed over the last 5 years and which he had recently requested under the Freedom of Information/Privacy Act, "for the plaintiff to move to correct or modify the record prior to filing the notice of appeal, in this Case."

<u>DISCUSSION</u>

The Court finds no error or confusion in the instant record.  The Order of March 9, 2005, granting the Plaintiff permission to proceed on appeal [Record No. 6] was stricken, *to the Plaintiff's advantage*, for reasons stated in the subsequent Amended Order of March 14, 2005 [Record No.9].  No other orders of any date were ordered stricken or otherwise invalidated.  To the extent that there

-2-

was any error regarding whether the Plaintiff's motion for reconsideration was timely, the Plaintiff was not harmed. There are alternate grounds for denying reconsideration, the primary one being that, as of this date, there has been presented no grounds for amendment. *See Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (listing only 3 grounds for amendment and citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Neither Rule 52 nor 59 motion is an opportunity to reargue a case. The Court finds that denial of reconsideration was and is an alternative appropriate disposition of the plaintiff's March 30, 2005 motion.

In his motion for a subpoena *duces tecum* [Record No. 19], the instant Plaintiff focuses on his attempts to obtain copies of his administrative remedies from the government. However, there are separate remedies which the Plaintiff may pursue under Privacy Act/Freedom of Information Act and attendant regulations. There is no ground for this Court to enter into a controversy about the records or their production in this case. Therefore, the motion for the subpoena will be denied.

Also, as the Plaintiff has been advised previously, he has the burden, *at the time of filing*, to demonstrate that he had exhausted the available administrative remedies. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S.Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). His failure to carry this burden mandated dismissal of this action. However, it should also be pointed out that the complaint was dismissed not only for the Plaintiff's failure to demonstrate exhaustion, but also for his violating Rule 8 of the Federal Rules of Civil Procedure and also for failing to state a claim. *See* Record No. 7 at pp. 9-15.

To the extent that the plaintiff seeks a 30-day extension of time in order to obtain administrative documents, his motion is groundless, and he has not presented any legitimate reason to grant the extension. The Court finds that the Plaintiff has not established either good cause or

excusable neglect.  Fed.R.App.P. 4(a)(5).  Finally, the Plaintiff is advised that a court's rulings against him and/or criticism of his multitudinous filings do not equate to judicial bias.  There is no basis, real or presumed, for this Court's recusal from a case which it decided on the merits more than two months ago.  Therefore, the motion seeking recusal of the undersigned will also be denied.

Accordingly, for the reasons stated herein and the Court being otherwise advised, it is hereby **ORDERED** that the Plaintiff's motions for recusal, for an extension of time to file a notice of appeal, and for a subpoena *duces tecum* [Record Nos. 15, 18, 19] are **DENIED**.

This 13th day of May, 2005.

**Signed By:**

**_Danny C. Reeves_**  DCR

**United States District Judge**